United States District Court
Southern District of Texas

**ENTERED**

June 10, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| RHONEL JAVIER VEGAS-MALAVE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-00976 |
| | § | |
| SYLVESTER ORTEGA, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Pending before the Court is Petitioner Rhonel Javier Vegas Malave's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on May 26, 2026. (Dkt. 1.) Petitioner is a native and citizen of Venezuela who first entered the United States on May 1, 2015, on a B-2 visa. (*See* Dkt. 1 at 4, Attach. 2 at 1–4; Dkt. 7 at 2.) He then applied for asylum with U.S. Citizenship and Immigration Services (USCIS) on or about September 24, 2015. (Dkt. 1 at 4, Attach. 2 at 11–12.) Later, Petitioner filed for adjustment of status based upon his marriage and obtained advance parole to leave and return to the United States. (*Id.*) He left the U.S. briefly and was paroled back into the United States on June 11, 2024, based on the pending adjustment application. (*Id.*; Dkt. 7 at 2, Attach. 2.) Petitioner continued living in the United States while his applications remained pending until March 5, 2026, when he was detained by immigration authorities in South Texas while delivering a load in his truck for his employer. (*See* Dkt. 1 at 4; Dkt. 7 at 2.) He was then transferred to the Rio Grande Detention Center where he currently is

1 / 5

located. (Dkt. 1 at 4.) Petitioner sought a bond hearing before an Immigration Judge (IJ) who determined that Petitioner was not eligible for bond because he was classified as an "arriving alien on advanced parole." (*Id*. at 5, Attach. 2 at 15–17.) Petitioner alleges that he is being detained subject to mandatory detention in violation of his rights under the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act (INA) and its implementing regulations and that his arrest violated his rights under the Fourth Amendment. (*Id.* at 6–9.) He asks the Court to order his immediate release from custody or provide him with a bond hearing. (*Id*. at 9.)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508.

The Court ordered Respondents to respond to Petitioner's petition on or before June 3, 2026. (Dkt. 4.) Respondents timely filed a Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 7), addressing Petitioner's claims and arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) in light of the decision in *Buenrostro-Mendez*. Petitioner subsequently filed a reply, (Dkt. 8), arguing that *Buenrostro-Mendez* does not control this case because Petitioner was paroled into the United States after a prior lawful entry on a B-2 visa, and thus, whether Petitioner is properly classified as an "arriving

alien" subject to detention under § 1225(b)(2) is unclear. (*Id*. at 1–2.) Furthermore, Petitioner argues that even if he is properly subject to detention under § 1225(b)(2), his detention without an individualized determination violates his due process rights. (*Id.* at 2–3.) Assuming without deciding that Respondents have correctly invoked § 1225(b)(2) as the applicable detention authority, the Court concludes that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475, at *1 (S.D. Tex. Feb. 20, 2026) and *Strunin v. Garcia*, 2026 WL 958952, at *1 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioners' redetention by ICE violated their rights under the Due Process Clause.

Because Petitioner's due process claim is materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States on a grant of parole and has since established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to redetention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026);

3 / 5

*Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 7), is **DENIED**.

1.      Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.      Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

3.      Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

4.      If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this June 10, 2026.

_____
Diana Saldaña
United States District Judge